HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALFREDO LONGORIA, et al.,

    Plaintiffs,

v.

HAROLD CLARKE, et al.,

    Defendants.

Case No. C06-5098  RBL

ORDER DENYING PLAINTIFFS'
MOTION FOR PROTECTION ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on Motion by Plaintiffs for a protection order. Plaintiffs ask the Court (1) to require that the Defendants allow the Plaintiffs to use their leave time to attend depositions of both the Defendants and potential witnesses for the Defendants, as well as to attend trial; (2) to prohibit the Defendants from requiring Plaintiffs to use their accrued leave time when attending depositions requested by the Defendants; and (3) for attorney fees and costs in bringing this Motion. Defendants respond by arguing that Plaintiffs have failed to cite to any legal authority in support of their Motion and that the collective bargaining agreement (CBA) governing many of the Plaintiffs specifically states that Plaintiffs are not entitled to the protections they request. For the reasons stated below, Plaintiffs' Motion is DENIED in its entirety.

## II. FACTUAL BACKGROUND

Plaintiffs, a group of Department of Correction Employees and their spouses, filed a Complaint against Defendants, who include, among others, the Cedar Creek Corrections Center (CCCC), the Department of

Corrections, the State of Washington, and individual employees of the Department of Corrections, alleging that Defendants discriminated against Plaintiffs on the basis of their union membership and their race, ethnicity, gender, age, and/or disability status. Specifically, Plaintiffs allege that Defendants violated 42 U.S.C. § 1981; 42 U.S.C. § 1985(3); 42 U.S.C. § 2000(e); and RCW 49.60 in their treatment of Plaintiffs.

During the course of discovery, some of the Plaintiffs requested leave to attend the depositions of Defendants and/or potential witnesses for the Defendants. Some of the requests were granted, but the Defendants denied some of the requests. Additionally, Defendants informed at least one of the Plaintiffs that he would be required to use his accrued leave time when he attended a deposition requested by the Defendants. This deposition was related to the present case.

Plaintiffs can request leave in a number of ways. First, they can utilize the vacation procedures, through which they can request in January the days when they would like to take vacation throughout the year. Second, Plaintiffs can utilize the procedures in the CBA. The CBA which apparently governs some, but not all, of the Plaintiffs, allows Plaintiffs to request leave time with thirty days written notice, and the leave time is limited to one day increments. Plaintiffs can use this method to obtain leave twice a year. Third, although not included in the sections of the CBA presented to the Court, there is apparently a shift exchange program through which employees can exchange shifts with peers if both individuals agree. Finally, the Roster Manager, Lieutenant, or Captain in charge of a shift can make decisions as to whether to grant additional leave based on staffing availability.

The Defendants cite two main reasons for denying the Plaintiffs the leave time they requested: (1) Plaintiffs failed to follow the procedures in the CBA for requesting leave in writing thirty days in advance; and (2) if Defendants were to have granted some of the requested leave, it would have left the facility with insufficient staffing.

### III. ANALYSIS

Plaintiffs cite no persuasive authority for their argument that this Court must grant them a Protective Order guaranteeing their right to use their leave time to attend depositions and trial, as well as allowing them to attend depositions by the Defendants without using their accrued leave time. Plaintiffs cite to WAC 357-31-

ORDER
Page - 2

320,[1] which states

> The employer **must** grant a leave of absence with pay for the employee to respond to a subpoena when:
> (1) The employee has been subpoenaed on the employer's behalf; or
> (2) the subpoena is for a legal proceeding which is unrelated to the personal or financial matters of the employee.

WAC 357-31-320 (emphasis in original). There are two reasons this code provision does not provide Plaintiffs the rights they request.

First, the CBA specifically states that it preempts the rights contained in WAC 357-31-357. Thus, if the Plaintiffs want to obtain leave with pay, they must follow the procedures established in the CBA. Failure to do so gives Defendants sufficient reason to deny their requests.

Second, even if Plaintiffs could utilize WAC 357-31-320, Plaintiffs fail to satisfy either prong of the provision. Plaintiffs do not satisfy sub-part (1), as they have not been subpoenaed *on their employer's behalf*. Although they have been subpoenaed by their employer, they have been subpoenaed in order for the employer to defend itself in a lawsuit instituted by the Plaintiffs. Such a deposition can hardly be characterized as "on the employer's behalf." If the drafters of this WAC provision intended such a deposition to be covered by the statute, they would have stated that any time an employee is subpoenaed "by" his or her employer, the employer must grant the employee leave with pay. This is not what the WAC provision states. Additionally, if the Court were to grant Plaintiffs' Motion, it would require the Defendants to pay the Plaintiffs while Plaintiffs conduct the discovery necessary to establish the factual allegations needed to prove their claims.

Plaintiffs also fail to satisfy sub-part (2). Plaintiffs have personal and financial interests in the legal proceedings for which the depositions were requested, as Plaintiffs instituted the legal proceedings.

Additionally, Plaintiffs cite FRCP 26(c) in support of their argument, which authorizes this Court to enter protection orders when justice so requires. However, Plaintiffs have failed to satisfy the Court that justice requires entering the requested protection order.

Finally, Plaintiffs have provided no argument as to why the Court should grant them attorney fees in bringing the present Motion.

---

[1] Plaintiffs actually cite WAC 357-31-075, but the language quoted by Plaintiffs is from WAC 357-31-320. The Court assumes that Plaintiffs' citation is incorrect and that they intended to cite to the quoted language of WAC 357-31-320.

ORDER
Page - 3

Although the Court is denying Plaintiffs' Motion, the Court expects both Plaintiff and Defendant to work together in good faith to facilitate Plaintiffs' testimony and attendance at trial.

### IV. CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Protective Order is DENIED.

DATED this 2nd day of March, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE